Filed 12/12/25  P. v. Padilla CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085827 |
| v. | (Super.Ct.No. RIF089999) |
| ALBERT ANDREW PADILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Albert Andrew Padilla, in pro. per., and Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this postconviction matter under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), defendant and appellant Albert Andrew Padilla appeals from the trial court's

denial of his petition for resentencing under Penal Code section 1172.6[1]  Defendant has filed a supplemental appellate brief under *Delgadillo*.  However, no jury instructions were given in defendant's trial that would have permitted his murder conviction on a theory of imputed malice, only his own malice aforethought.  (CALJIC No. 8.10.)  There was therefore—as a matter of law—no error in the trial court's decision denying defendant's section 1172.6 petition.  Nor do we find any reason to reach defendant's contentions raised for the first time on appeal, which are beyond the scope of his resentencing petition below.  In particular, to the extent defendant suggests he received ineffective assistance of counsel at his underlying trial, the claim is not suitable for review in this appeal from denial of his section 1172.6 petition.  We therefore affirm the court's order denying the petition.

## FACTUAL AND PROCEDURAL HISTORY

A.    FACTS[2]

In July 1999, Louis Gonzalez (victim) was stabbed to death, suffering numerous wounds inflicted by a small-bladed knife, as reflected in this court's opinion in defendant's prior appeal challenging his conviction for murdering the victim.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  We briefly summarize the underlying facts (which we have taken from this court's prior unpublished opinion, *People v. Padilla*, July 12, 2005, E035167 [nonpub. opn.) to put the jury's verdict and findings in context; only undisputed facts or those resolved by the jury's verdict and findings bear on our analysis of defendant's petition. (See *People v. Curiel* (2023) 15 Cal.5th 433, 453 ["relevant jury finding[s]" may be "preclusive in section 1172.6 proceedings"].)

Defendant and another man, Rick Burt, who, like defendant also lived with and frequently used methamphetamine with the victim, were charged with the victim's murder. Separate juries were empaneled. A witness testified that after the victim allegedly made a derogatory comment about defendant, which was relayed to him, defendant replied that the victim would "get his." Another witness testified that on July 11, 1999, after defendant, Burt, and the victim emerged from a room in the witness's apartment where all of them lived together, defendant said the trio was going to the park. The witness knew the park was a common place to buy drugs, which were often shared at her home. The witness never saw the victim again. A different witness testified that later in the day, defendant told her that the victim had been "taken care of," and that he and Burt had beaten-up the victim.

The following week, on July 18, 1999, the victim's body was discovered in an advanced state of decomposition near a lake in the park. Evidence was admitted that shortly before he was arrested, defendant told "another of [his] girlfriends" that he had a fistfight with a guy in the park and had stabbed the man to death. Among defendant's belongings when he was arrested at the girlfriend's house was a folding knife with a blade that was two inches long and about an inch wide or less. No blood was found on the knife.

Defendant was convicted of the murder and Burt was acquitted. Defendant's jury found true the allegation that he personally used a knife in killing the victim. The trial court sentenced defendant to 25 years to life for murder, plus one year for the knife-use

enhancement. On appeal, defendant raised various evidentiary challenges, but none had merit.

B.  PETITION FOR RESENTENCING

In July 2024, defendant filed a form petition seeking resentencing under section 1172.6.

At a hearing on March 28, 2025, the trial court found defendant failed to make the requisite prima facie showing to proceed to an evidentiary hearing on his petition for resentencing. (§ 1172.6, subds. (c), (d)(1).) The prosecutor had argued in opposing the petition that "[n]o applicable jury instructions were given" at defendant's trial. Defense counsel responded, "I reviewed it all, and we're objecting for the record, but I agree with counsel." The trial court denied the petition on grounds that defendant was "statutorily ineligible for relief."

After the trial court denied defendant's petition, he appealed, and this court appointed appellate counsel. Counsel subsequently filed a brief stating that her legal research and record review uncovered no arguable appellate issues, including after consultation with Appellate Defenders, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) Counsel summarized the background relevant to defendant's appeal and, while recognizing that we need not do so, requested that we independently review the record for arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Counsel advised that she had considered and rejected briefing the following issues, which she listed for our potential independent reconsideration: whether defendant

4

was afforded the requisite due process in consideration of his petition, and whether the trial court's reasoning was sufficient to support denial of defendant's petition.

Defendant then filed his own supplemental brief, which we address below.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the law of murder " ' "to more equitably sentence offenders in accordance with their involvement in homicides." ' " (*People v. Reyes* (2023) 14 Cal.5th 981, 986.) "Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.) To this end, the new legislation limited the scope of the traditional felony murder rule and eliminated the natural and probable consequences doctrine as a valid basis to support a murder conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) As a result, murder liability can no longer be " 'imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Id*. at p. 959.) Conversely, it is similarly true that "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Senate Bill 1437 also added section 1170.95 (now renumbered § 1172.6), which created "a special procedural mechanism for those convicted under the former law to seek retroactive relief." (*Strong*, *supra*, 13 Cal.5th at p. 708; see § 1172.6, subd. (a).)

5

A first step toward potential resentencing under section 1172.6 is to file a petition that establishes a prima facie basis for relief. (§ 1172.6, subds. (a)-(c).) One of the requirements for the prima facie showing is that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made effective by Senate Bill 1437. (§ 1172.6, subd. (a)(3).) Defendant checkmarked a box alleging exactly that in his petition. Nonetheless, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971 [examining record "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless"]; see *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)

If the record of conviction, including "factual findings made by a jury in the defendant's underlying trial," establishes the petitioner is ineligible for relief under section 1172.6 as a matter of law, the petition must be denied. (See *People v. Curiel*, *supra*, 15 Cal.5th at pp. 451, 453 [noting preclusive effect of jury's verdict]; *Lewis*, *supra*, 11 Cal.5th at p. 971.) " 'This is a purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

The trial court properly denies a petition at the prima facie stage if the record of conviction establishes the petitioner was convicted on a theory not affected by Senate Bill No. 1437. (See, e.g., *People v. Gentile* (2020) 10 Cal.5th 830, 849 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider

6

and abettor to murder must possess malice aforethought"], superseded by statute on another ground as recognized in *People v. Hola* (2022) 77 Cal.App.5th 362, 370; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257 (*Williams*).)  Jury findings may reflect "the jury necessarily rejected any reliance on [a] theory of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (*Williams*, at p. 1259.)

Thus, a petition is properly denied where the petitioner's murder conviction is necessarily based on the jury finding the defendant harbored actual malice.  (*People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183 [murder conviction based solely on intent to kill is ineligible for section 1172.6 relief].)  That is the case here where the only theory of murder on which the jury was instructed required malice aforethought.  (CALJIC No. 8.10.)  Indeed, the court modified the instructions so that the jury only considered— and had to find—express malice:  an unlawful, actual intent to kill.  (CALJIC No. 811.)  Proposed instructions regarding felony murder were withdrawn (CALJIC Nos. 8.27, 8.34), as was an instruction for second degree murder based on a conscious disregard for human life but without intent to kill (CALJIC No. 8.31).  Nor were any instructions given on the now-proscribed natural and probable consequences doctrine.  A defendant "d[oes] not make a prima facie showing that he is entitled to relief [when] the jury instructions given at his trial conclusively demonstrate as a matter of law that he was not convicted of murder under a natural and probable consequences theory or of felony murder."  (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1059; see also *People v Van Winkle* (1999) 75

Cal.App.4th 133, 148 [juries are presumed to follow the instructions given].) Accordingly, the trial court properly denied defendant's section 1172.6 petition.

Defendant's statements in his supplemental brief are also unavailing to reverse the trial court's ruling. Defendant filed the brief to highlight facts from his trial that he claims undercut his conviction. He also asserts he has "availed [him]self of any and all rehabilitative efforts" while incarcerated. Additionally, he regrets not following, based on his trial attorney's advice, his "initial instinct [to] testify on [his] own behalf."

Defendant's supplemental briefing is misdirected. A resentencing petition "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) As the Supreme Court has stated, "Had the Legislature intended to permit wholesale relitigation of findings supporting murder convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly." (*Strong*, *supra*, 13 Cal.5th at p. 715.) In particular here, as is generally the case, "[a] claim of ineffective assistance [of counsel] is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

**DISPOSITION**

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

RAPHAEL _____

J.

9